**In re William Gene CATRON, Debtor.**

**Bankruptcy No. 95–13626C–13G.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

May 31, 1996.

3. On April 30, 1996, the court held a hearing upon Debtor's objection to the proof of claim of the Internal Revenue Service.

4. On May 8, 1996, the court entered an order overruling the Debtor's objection to the proof of claim of the Internal Revenue Service.

5. The motion now before the court was filed on May 10, 1996, after the court already had ruled upon the Debtor's earlier objection to the proof of claim of the Internal Revenue Service.

## CONCLUSIONS OF LAW

6. An objection to a proof of claim is a contested matter within the meaning of Bankruptcy Rule 9014. Bankruptcy Rule 7015, which incorporates Rule 15 of the Federal Rules of Civil Procedure, is not one of the Bankruptcy Rules which apply with respect to contested matters pursuant to Bankruptcy Rule 9015. Debtor, therefore, is not entitled to proceed under Bankruptcy Rule 7015 in order to file an amended or supplemental objection to the claim of the Internal Revenue Service.

7. Even if Debtor's motion to amend pursuant to Rule 7015 were appropriate, the motion is not timely because the court already had ruled on the objection which Debtor seeks to amend when the motion was filed. Moreover, a debtor is not entitled to utilize the filing of amended or supplemental objections in order to file successive and repeated objections to the claim of a creditor. The filing of such successive and repeated objections, even if based on different grounds, is unduly burdensome and prejudicial to creditors who are subjected to such tactics. In the present case Debtor failed to show any valid reason why all of his grounds for objection could not have been included in his first objection to the claim of the Internal Revenue Service and it would be prejudicial and unduly burdensome to the Internal Revenue Service now to permit the Debtor to amend and thereby file successive objections requiring additional hearings and additional and unnecessary loss of time and expense.

William Gene Catron, pro se.

Jody Kinlaw Troxler, Greensboro, NC, for trustee.

### *ORDER*

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on May 28, 1996, for hearing upon Debtor's motion to file amended/supplemental pleading. Debtor appeared at the hearing but did not offer any evidence or oral arguments in support of the motion. Having reviewed the motion to file amended/supplemental pleading and the contents of the official file, the court finds and concludes as follows:

### FINDINGS OF FACT

1. The motion to file amended/supplemental pleading was filed by the Debtor pursuant to Rule 15 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7015 and apparently seeks leave of court to file an amended objection to the claim of the Internal Revenue Service in this case.

2. On January 23, 1996, Debtor filed an objection to the proof of claim of the Internal Revenue Service.

8. Debtor's motion sets forth additional grounds for objection which Debtor apparently seeks to raise in the proposed amended/supplemental objection. None of these grounds for objection which Debtor seeks to include in an amended or supplemental pleading constitute legal and valid grounds for objecting to the claim of the Internal Revenue Service. Because of the legal insufficiency of the proposed amended/supplemental pleading, no valid purpose would be served by allowing the Debtor to file an amended or supplemental objection to the claim of the Internal Revenue Service.

9. The Debtor failed to establish any grounds or basis for permitting the filing of an amended or supplemental objection to the proof of claim of the Internal Revenue Service.

10. The Debtor's motion to file amended/supplemental pleading should be overruled.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that the Debtor's motion to file amended/supplemental pleading shall be, and the same hereby is, overruled and denied.